**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Brian Edward Mahoney

    v.                                   Civil No. 15-cv-213-LM

Jeff Grondolsky, Warden, Federal
Medical Center, Devens, and
United States Attorney General
Loretta Lynch

**REPORT AND RECOMMENDATION**

Brian Edward Mahoney, a civil detainee committed to the
Federal Medical Center, Devens, in Massachusetts ("FMC Devens"),
has filed this petition for a writ of habeas corpus, pursuant to
28 U.S.C. § 2241 and 18 U.S.C. § 4247(h), seeking immediate
release from FMC Devens.  The matter is before this court for
preliminary review, to determine whether Mahoney's § 2241
petition is facially valid and may proceed.  See Rule 4 of the
Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule
1(b) (authorizing court to apply § 2254 Rules to habeas corpus
petitions not filed pursuant to 28 U.S.C. § 2254); LR
4.3(d)(4)(A).

**Background**

**I.   United States v. Mahoney, 11-cr-6-JL (D.N.H.)**

In 2011, Mahoney was indicted in the District of New

Hampshire for failing to register as a sex offender.  See United States v. Mahoney, 11-cr-6-JL (D.N.H.), ECF No. 1.  Prior to trial on the criminal charge, the court issued orders directing that Mahoney's mental competency be determined.  See id., ECF Nos. 26 and 50.  Mahoney was transferred to FMC Devens for the competency evaluation.  On June 29, 2012, the court found that Mahoney was not competent to stand trial.  See id., ECF No. 107.  The First Circuit affirmed that decision.  See United States v. Mahoney, 717 F.3d 257, 266 (1st Cir.), cert. dismissed 134 S. Ct. 470 (2013).

On February 21, 2013, the court found that Mahoney had not been restored to competency, and that there was no substantial probability that he would be so restored in the future.  See Mahoney, 11-cr-6-JL, ECF No. 150.  The court further directed that Mahoney remain in the custody of the Attorney General to initiate and complete a risk assessment to determine whether Mahoney was dangerous and should be civilly committed, pursuant to 18 U.S.C. § 4246.  See id.  On March 11, 2014, the district court dismissed the pending criminal indictment against Mahoney.  See id., Order (Mar. 11, 2014).

## II.  **United States v. Mahoney, No. 13-11530-PBS (D. Mass.)**

On June 26, 2013, the government filed a petition pursuant to 18 U.S.C. § 4246, to determine whether Mahoney should be

civilly committed based on an assessed risk of harm to persons or property if he were to be released from FMC Devens.  That petition was filed in the District of Massachusetts.  That court determined that Mahoney was subject to civil commitment pursuant to § 4246, and granted the petition.  See United States v. Mahoney, 53 F. Supp. 3d 401, 416 (D. Mass. 2014), appeal dismissed, No. 14-2307 (1st Cir. April 23, 2015).

## Discussion

### I.  28 U.S.C. § 2241

Mahoney asserts that he is entitled to habeas relief under 28 U.S.C. § 2241, concerning his civil commitment at FMC Devens. A § 2241 petition must be filed in the district where the petitioner is located at the time the petition is filed.  See Rumsfield v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should . . . file the petition in the district of confinement.").  This court in New Hampshire does not have subject matter jurisdiction over Mahoney's § 2241 petition, challenging his continued detention in Massachusetts.

### II.  18 U.S.C. § 4247(h)

Mahoney further asserts an entitlement to relief under 18

U.S.C. § 4247(h), which allows a person committed pursuant to
§ 4246 to "file with the court that ordered the commitment a
motion for a hearing to determine whether the person should be
discharged from such facility . . . ." 18 U.S.C. § 4247(h).  A
motion for discharge filed pursuant to § 4247(h) may only be
filed "with 'the court that ordered the commitment.'"  United
States v. Foy, ___ F.3d ___, No. 10-4728, 2015 U.S. App. LEXIS
17461, at *11 (3d Cir. Oct. 5, 2015) (quoting § 4247(h)).  The §
4246 commitment order, from which Mahoney now seeks discharge,
was issued by the District of Massachusetts.  Accordingly, this
court does not have subject jurisdiction over Mahoney's request
for relief under § 4247(h).

## Conclusion

     For the foregoing reasons, the district judge should
dismiss this petition without prejudice to Mahoney seeking
appropriate relief in the District of Massachusetts.  Any
objections to this Report and Recommendation must be filed
within fourteen days of receipt of this notice.  See Fed. R.
Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57
(1st Cir. 2011; Sch. Union No. 37 v. United Nat'l Ins. Co., 617

4

F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge

November 4, 2015

cc:  Brian Edward Mahoney, pro se
     Seth Aframe, Esq.